UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


JAMES E. SHIELDS, JR. and SHIELDS &                     CIVIL ACTION
SHIELDS, A PROFESSIONAL LAW
CORPORATION

VERSUS                                                  NO. 08-2573

ALLSTATE INSURANCE COMPANY and                          SECTION: "C" (4)
UNITED STATES INTERNAL REVENUE
SERVICE


ORDER AND REASONS[1]

Before the Court is the motion of the Defendant, Allstate Insurance Company

("Allstate"), to dismiss the Plaintiffs' claims pursuant to Federal Rule of Civil Procedure

12(b)(6).  Rec. Doc. 8.  The Plaintiffs, James E. Shields and Shields & Shields, APLC ("the

Plaintiffs") oppose the motion.  The Court has reviewed the memoranda of counsel, the record

and applicable law, and determined that Allstate's motion is DENIED.


**I. Background**

The Plaintiffs allege tortious conduct on the part of Allstate, including, but not limited to,

---

[1]Skelly McCay, a second year law student at Tulane University School of Law, assisted
with the preparation of this decision.

unfair or fraudulent business practices and trade tactics, conversion of property, conspiracy, negligence, slander, liable and defamation.  Rec. Doc. 1.  The Plaintiffs provide, or have provided, legal representation to a number of Allstate policy holders seeking to settle and receive payment on insurance claims.  Id. at 2-3.  Specifically, the Plaintiffs assert that Allstate intentionally and wrongfully withheld payments, denying the Plaintiffs their settlement fees and forcing them to expend time and resources to enforce the claims.  Id. at 2.  The Plaintiffs aver that Allstate has fabricated a tax lien on the Plaintiffs and the Plaintiffs' clients' settlement funds that prevents Allstate from issuing payment of those funds.  Id. at  3.

Allstate moves to dismiss the entirety of the Plaintiffs' complaint on the grounds that the causes of action contained therein are barred by res judicata.  Allstate argues that the Plaintiffs filed a suit alleging identical claims in 2001 and that those claims were dismissed with prejudice in 2002.[2]  Rec. Doc. 8, pp. 1-2.  According to Allstate, the 2001 lawsuit alleged every injury and cause of action contained in the instant complaint, which, in turn, alleges no new claims.  Rec. Doc. 8, p. 2.  Allstate further asserts that the other elements of res judicata have been satisfied and that the Plaintiffs' claims are accordingly precluded.  In opposition, the Plaintiffs contend that their claims are not barred because the current complaint and the complaint dismissed in 2001 do not arise out of the "same transaction or occurrence."  Rec. Doc. 22, pp.1-2.

---

[2] Plaintiff Shields & Shields, APLC filed suit in the Civil District Court for the Parish of Orleans which was subsequently removed to the Eastern District of Louisiana.  See Rec. Doc. 8-3.  Allstate filed a motion to dismiss the 2001 complaint, but before the court ruled on that motion, the Plaintiff agreed to dismiss the case with prejudice.  The parties entered a Stipulation of Dismissal on which Judge Zainey entered an Order of Dismissal, dismissing Plaintiff's claims with prejudice.  Rec. Doc. 8, pp. 2-3.

## II. Standard of Review

Allstate moves for a Rule 12 (b)(6) dismissal of plaintiffs' claims.  12(b)(6) motions are disfavored means of disposing of a case and should be denied unless the moving party can show, beyond a doubt, that the plaintiff cannot prove a plausible set of facts in support of her claim which would entitle her to relief.  *Bell Atlantic Corp. v. Twombly*, ---U.S—, 127 S.Ct. 1955 (2007).  When considering a 12(b)(6) motion, a court must accept all of the plaintiff's factual allegations as true and resolve all ambiguities or doubts regarding the sufficiency of the complaint in the plaintiff's favor.  *Fernandez-Montes v. Allied Pilots Ass'n.*, 987 F.2d 278, 184 (5th Cir. 1993).  Because the federal rules require only general notice pleading, a court must also liberally construe a plaintiff's allegations.  *United States v. Uvalde Consol. Indep. Sch. Dist.*, 625 F.2d 547, 549 (5th Cir. 1980).  However, even liberally construed, a complaint will not survive a motion to dismiss if it relies solely on "conclusory allegations or legal conclusions masquerading as factual conclusions."  *Southern Christian Leadership Conference v. Supreme Court of the State of Louisiana*, 252 F.3d 781, 786 (5th Cir. 2001) (citing *Fernandez-Montes.*, 987 F.2d at 184).


## III. Law and Analysis

A federal court deciding whether a prior judgment has res judicata effect should apply the law of the forum state when the basis of the original court's jurisdiction is diversity of citizenship.  *American Home Assur. Co. v. Chevron, USA, Inc.*, 400 F.3d 265, 272 (5th Cir. 2005) (citing *Semtek Int'l Inc. v. Lockhead Martin Corp.*, 531 U.S. 497, 508 (2001)).  Thus, this Court must apply Louisiana's res judicata law to determine whether Plaintiffs' current claims are

precluded.  La. R.S. 13:4231, Louisiana's res judicata statute, states in relevant part:

> Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent . . .
>     (2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.

Louisiana res judicata law is interpreted by both state and federal courts as precluding a second action when: (1) the original judgment is valid; (2) the original judgment is final; (3) the parties are the same; (4) the cause or causes of action asserted in the second suit existed at the time of final judgment in the first litigation; and (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter in the first litigation. *Sampia v. Hanover Ins. Co.*, Civil Action No. 06-9081, 2007 WL 496613, at *2 (E.D. La. February 8, 2007) (citing *Burguires v. Pollingue*, 843 So. 2d 1042, 1053 (La. 2003).

As noted above, the Plaintiffs dispute neither the finality nor the validity of the 2001 judgment dismissing their claims with prejudice.  The fact that the 2001 suit was voluntarily dismissed by the Plaintiff does not change the application of the res judicata elements.  The 2002 Order of Dismissal with prejudice entered by the court was a valid judgment "rendered by a Court with jurisdiction over both the subject matter and the parties."  *Buck v. Deutsche Bank Int'l Trust Co.*, Civil Action No. 05-2986, 2006 WL 1968863, at *3 (E.D. La. July 12, 2006).  Furthermore, the fact that a plaintiff voluntarily dismisses his claims "is not dispositive for the purposes of res judicata.  What is important is that the claims were dismissed with prejudice." *Andrepont v. Andrepont*, 711 So.2d 759, 762 (La. App. 3d Cir. 1998).

The Court notes that it is not as readily apparent that the parties to the original and

4

subsequent suits are the same.  The instant case names an additional plaintiff, James E. Shields, and an additional defendant, the Internal Revenue Service ("IRS"), neither of whom were party to the 2001 suit.  However, for Louisiana res judicata purposes, the "identity of the parties prerequisite . . . does not mean that the parties must be the same physical or material parties, so long as they appear in the same quality or capacity."  *Coury Moss, Inc. v. Coury*, 981 So.2d 936, 940 (La. App. 3, 2008).  Allstate asserts, and the Court agrees, that the addition of James E. Shields, an attorney practicing with the 2001 Plaintiff law firm, Shields & Shields, does nothing to alter the interests and personalities that were represented in the original suit.  Rec. Doc. 8-2, pp. 6-7.  As to the addition of the IRS as a defendant, it is recognized that "a plaintiff cannot, merely by adding parties, diminish the effect of a prior suit against parties with whom the plaintiff has litigated issues to the final judgment."  *Jurisich v. Louisiana Dept. of Wildlife and Fisheries*, Civ. A. No. 90-4228, 1991 WL 61739, at *6, n. 5 (E.D. La. April 16, 1991) (citing *Bldg. Eng'g. Serv. Co. v. State*, 441 So.2d 417, 421 (La. App. 4, 1983)).  Thus, despite the addition of the IRS as a defendant, Allstate's presence as a defendant to both the prior and current actions is all that is required under the 'same parties rule' of La. R.S. 13:4231.

The Plaintiffs contend that their current causes of action arise out of an event that took place in 2006, which prevents Allstate from satisfying the fifth element of Louisiana res judicata. Specifically, the Plaintiffs allege that Allstate wrongfully withheld $31,000 of the Plaintiffs' money in November 2006.  Rec. Doc. 22.  Therefore, the Plaintiffs argue, the alleged 2006 conversion and the 2001 conversion that was the subject matter of the dismissed suit are not the "same transaction or occurrence" required by La. R.S. 13:4231.  Rec. Doc. 22.  Allstate argues that the Plaintiffs' instant causes of action are identical to those asserted in the 2001 complaint.

Rec. Doc. 8.  The Court notes that the Plaintiffs' instant causes of action are highly similar to the ones asserted in the 2001 suit, but that they cannot be identical if they concern separate instances of fraud and conversion.  *See Chauvin v. State Farm Auto Ins. Co. Life Ins. Co.*, Civ. A. Nos. 06-7145, 2007 WL 2903321, at *3 (E.D. La. Oct. 7, 2007) (quoting *Petro-Hunt, L.L.C. v. U.S.* 365 F.3d 385, 395 (5th Cir. 2004).

Although the Plaintiffs' claims are very much like those dismissed in 2001, the instant suit arises out of new and distinct acts of fraud and conversion alleged against Allstate, which precludes res judicata in two ways.  First, Louisiana res judicata does not have the overly preclusive effect of barring claims arising out of tortious acts simply because the parties previously litigated to final judgment claims that arose out similar acts. After all, a well recognized consequence of La. R.S. 13:4231 is that "all actions arising out of the *same* transaction or occurrence must be brought together or be subject to a plea of res judicata." *Zatarain v. WDSU-Television, Inc.*, No. 95-30604, 1996 WL 97105, at *2 (5th Cir. Feb. 7, 1996) (quoting *Everything on Wheels Subaru, Inc. v. Subaru, Inc.*, 616 So.2d 1234, 1238 (La. 1993).  It follows, therefore, that La R.S 13:4231 does not contemplate similar transactions or occurrences, alleged to have transpired years apart, providing a basis for res judicata.

Second, the Plaintiffs' claims were non-existent at the time of the final judgment in the first litigation because they derive from wrongful acts alleged to have injured the plaintiffs several years after the 2002 judgment on the prior suit.  This temporal distinction is precisely what the fourth element of  La R.S 13:4231 is meant to address.  *See American Home Assur. Co. v. Chevron, USA, Inc.*, 400 F.3d 265, 271-72 (5th Cir. 2005) (holding that, under federal or Louisiana res judicata law, an oilfield service contractor's settlement of an injured worker's

claim did not bar an insurer's indemnity suit against the oil company, because cause of action did not exist until after the injured worker's claims were settled).  Accordingly, the Plaintiffs' claims are not barred by res judicata and are not ripe for dismissal.

The Court's work does not end there, however.  Although the Plaintiffs' 2006 claims are not subject to res judicata, those claims appear nowhere in their complaint and are alleged only in their opposition to Allstate's motion to dismiss.  Rec. Doc. 22; Rec. Doc. 22-2.  The fact that the Plaintiffs' complaint is completely silent as to these recently developed claims creates serious doubts as to whether the complaint gave Allstate sufficient notice.  The federal rules generally require notice pleading, but when a complaint alleges fraud, as the Plaintiffs' does, the rules require pleading with particularity.  FED. R. CIV. P. 9(b); *see Guidry v. Bank of LaPlace*, 954 F.2d 278, 288 (5th Cir. 1992) (holding that the higher pleading standard "stems from the obvious concerns that general, unsubstantiated charges of fraud can do damage to a defendant's reputation.").  Furthermore, "[a]n allegation of time or place is material when testing the sufficiency of a pleading" held to a heightened standard.  FED. R. CIV. P. 9(f).  Therefore, Allstate was not afforded notice of the Plaintiffs' newest claims until after moving for dismissal.

Moreover, a complaint which asserts only a "'bare bones' allegation that a wrong occurred and which does not plead any of the facts giving rise to the injury, does not provide adequate notice."  *Beanal v. Freeport-McMoran, Inc.*, 197 F.3d 161, 164 (5th Cir. 1999).  Because the Plaintiffs must plead their fraud allegations with particularity, by alleging a time frame and manner in which the fraud occurred, their complaint is vulnerable to dismissal for lacking required elements.  *See Drs. Bethea v. St. Paul Guardian Ins. Co.*, No. Civ. A. 02-1444, 2002 WL 31697714, at *3 (E.D. La. Oct. 20, 2002) ("a complaint that 'lacks an allegation

7

regarding a required element necessary to obtain relief' is subject to Rule 12(b)(6) dismissal")
(citations omitted).

In this case, the Court directs the Plaintiffs to amend their complaint and to clarify their
allegations.  It is within the Court's power to act sua sponte by ordering plaintiffs to submit a
more definite statement pursuant to Federal Rule of Civil Procedure 12(e).  *See Drs. Bethea*,
2002 WL 31697714, at *8 (citing *Beanal*, 197 F.3d at 163) (approving the district court's sua
sponte order to amend under Rule 12(e) where the plaintiff originally failed to plead with
sufficient clarity).  The Plaintiffs must amend their complaint to allege specific instances of fraud
and conversion so that Allstate will be able to respond to the precise claims against them.

## IV. Conclusion

Accordingly,

IT IS ORDERED that Allstate's motion to dismiss is DENIED.  Rec. Doc. 8.

IT IS FURTHER ORDERED that plaintiffs amend their complaint under Rule 12(e) in
conformity with this Order, no later than August 25, 2008.  Failure to do so shall result in the
dismissal of their complaint.

New Orleans, Louisiana, this 18th day of August, 2008.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE