# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SHIELDS, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 08-2573** |
| **ALLSTATE INSURANCE COMPANY, ET AL.** | **SECTION: "C" (4)** |

## ORDER AND REASONS

This matter comes before the Court on a defendant's Motion for Rule 72 Review of Magistrate's May 6, 2009 Order Allowing Second Amended Complaint. (Rec. Doc. 151.) Plaintiffs oppose. The Magistrate Judge's order granted plaintiff's motion to file a second amended complaint in this matter. (Rec. Doc. 127.) Having considered the memoranda and arguments of counsel, the record and the applicable law, the motion is DENIED.

## I. Background

The Plaintiffs provide, or have provided, legal representation to a number of Allstate policy holders seeking to settle and receive payment on insurance claims. Specifically, the Plaintiffs assert that Allstate intentionally and wrongfully withheld payments, denying the Plaintiffs their settlement fees and forcing them to expend time and resources to enforce the claims. The Plaintiffs aver that Allstate has fabricated a tax lien on the Plaintiffs and the Plaintiffs' clients' settlement funds that prevents Allstate from issuing payment of those funds. Id. at 3.

In December 2008, plaintiffs sought to amend their complaint to include additional instances where defendant allegedly improperly withheld payment. Defendant opposed arguing that plaintiff's amendment was untimely and filed while a motion to dismiss the first amended complaint was already pending, and therefore prejudicial. Second, the defendant argued that plaintiffs failed to cite "newly discovered evidence" that justified their out of time amendment. Last, defendant argues the amendment is futile because a) Allstate was authorized to conduct the backup withholding under the Tax Code and b) that the United States, and not Allstate, is the proper party to this suit.

**II. Standard of Review**

A district court may only reverse a Magistrate Judge's ruling where the court finds the ruling to be "clearly erroneous or contrary to law." Fed. R. Civ. Pro. 72(a); *Castillo v. Frank*, 70 F.3d 382 (5th Cir. 1995). "This highly deferential standard requires the court to affirm the decision of the Magistrate Judge unless 'on the entire evidence [the court] is left with a definite and firm conviction that a mistake has been committed.'" *Benoit v. Nintendo of American*, 2001 WL 1524510, *1 (E.D.La. 2001) (citing *United States v. United States Gypsum Co.*, 333 U.S. 364 (1948)). A motion to review is appropriate when a Magistrate Judge has obviously misapprehended a party's position, the facts, or the applicable law, or when the party produces new evidence that could not have been obtained through the exercise of due diligence." *Gaffney v. U.S. Dep't of Energy*, 2000 WL 1036221, *2 (E.D.La. 2000).

**III. Analysis**

The Court finds that the Magistrate Judge's decision is not "clearly erroneous" within the narrow context of plaintiff's motion to amend his complaint. First, although the motion for leave to amend was filed after the deadline for amendments specified in the Scheduling Order, the motion was filed seven months prior to trial and well before any other deadlines commenced. Moreover, the Court notes that even if prejudice resulted from plaintiff's untimeliness, that prejudice has since been mooted by an order continuing the trial date in this matter until February 2010. Nor is it *per se* prejudicial for a party to file a motion for leave to amend when a motion to dismiss is pending. Second, plaintiffs clearly cite to a 2007 tax document, with a cover letter dated November 2008, indicating no second notice had been provided. Such a document would be sufficient for plaintiffs to re-evaluate their claims in this case given defendant's prior stated defenses during this and prior litigation. Last, the amendment is not futile because without deciding whether or not Allstate was authorized to conduct back-up withholding, plaintiff alleges that those specific circumstances demanded by statute did not exist. In addition, plaintiff alleges that Allstate, among other things, simply stole plaintiffs' earned payments. It would be premature - particularly on a motion to amend - for this Court to conclude that Allstate's defense that it was acting as an agent of the government is warranted on the facts given plaintiffs' allegations of fraud. As such, for purposes of a motion to amend, even where untimely, the Magistrate Judge's decision was not "clearly erroneous."

**IV. Conclusion**

Accordingly,

IT IS ORDERED that defendant's Motion for Rule 72 Review of Magistrate's May 6, 2009 Order Allowing Second Amended Complaint (Rec. Doc. 151) is DENIED.

New Orleans, Louisiana, this 28th day of August, 2009.

**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**